ROLAND L. BELSOME, Judge.

IrPROCEDURAL HISTORY

The defendant, Charles Ray Keys, was charged by bill of information with one count of possession with the intent to distribute heroin, one count of possession with the intent to distribute cocaine, and one count of possession of marijuana. He pled not guilty at arraignment. After a hearing, the trial court denied his motion to suppress the evidence and found probable cause.
At his first trial, the jury found the defendant not guilty of possession with intent to distribute heroin; however, it was unable to reach a legal verdict as to the possession with intent to distribute cocaine charge. The State later filed notice of its intent to introduce evidence of similar crimes, and the trial court ruled that evidence of the defendant’s two prior convictions would be admissible at trial.[1]
At a second trial on the cocaine distribution and marijuana charges, the defendant *25 was found guilty of the lesser included offense of attempted possession with intent to distribute cocaine by a jury. In addition, the trial court found the ^defendant guilty as charged of possession of marijuana, and sentenced him to six months imprisonment. The defendant’s motions for new trial and post-verdict judgment of acquittal were denied. He was then adjudicated a second felony offender, and sentenced to twenty-five years imprisonment with the first two years being without benefit of probation, parole, or suspension of sentence.[2] After sentencing, the trial court denied the defendant’s motion to reconsider sentence. This appeal followed.

FACTS

After receiving information from a reliable confidential informant that an individual was selling crack cocaine from a trailer located at 4500 America Street,[3] Detective Derek Burke of the Major Case Narcotics Unit of the New Orleans Police Department began an investigation. On October 25, 2010, Detective Burke conducted a controlled purchase, whereby the informant entered the trailer and exited a few minutes later. Once the purchase was complete, the informant returned to the detective’s unmarked vehicle, and relinquished one piece of crack cocaine wrapped in plastic. On cross-examination, Detective Burke testified that although he did not have a description of the suspect, the informant gave him the name “Ray.”
The following day, Detective Burke obtained a search warrant for the trailer. While conducting surveillance prior to executing the warrant with his team, he observed the defendant exit the trailer, enter a white Cadillac, and drive away. At 1¡¡that time, Detective Burke broadcasted a description of the defendant, the vehicle, and his direction of travel.
Based on the information received from Detective Burke, members of the take-down unit detained the defendant at a nearby gas station, and relocated him back to the trailer, where he remained in a police unit with Detective Christopher Henly. During a search of the dilapidated trailer,[4] the narcotics detectives recovered a bag of marijuana, a digital scale, a box of sandwich bags, and seven pieces of crack cocaine.[5] The detectives also located several items addressed to or containing the defendant’s name: a recent medical bill, an employment application, and a valid Louisiana Identification Card.[6] As a result of the search, the defendant was arrested. Incident to arrest, Detective Henly *26 searched the defendant and retrieved thirty-two dollars from his person.[7]

DISCUSSION

In this appeal, the defendant asserts three counseled assignments of error, and numerous pro se assignments of error, which also incorporate the assignments of error addressed by counsel. In his first counseled and pro se assignment of error, the defendant argues that the evidence was insufficient to support the jury’s responsive verdict of attempted possession with the intent to distribute cocaine.
|4When reviewing the sufficiency of the evidence to support a conviction, this court is controlled by the standard set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which dictates that to affirm a conviction “the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Captville, 448 So.2d 676, 678 (La.1984). Further, evidence sufficient to support the charged offense will be deemed to be sufficient to support the responsive verdict where the defendant does not object to the inclusion of the responsive verdict. State v. Colbert, 07-947, p. 13 (La.App. 4 Cir. 7/23/08), 990 So.2d 76, 84-5 (citing State v. Harris, 02-1589 (La.5/20/03), 846 So.2d 709; and State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982)).
In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Robinson, 02-1869, p. 16 (La.4/14/04), 874 So.2d 66, 79 (citation omitted). Under the Jackson standard, the rational credibility determinations of the trier of fact are not to be second guessed by a reviewing court. State v. Juluke, 98-341 (La.1/8/99), 725 So.2d 1291, 1293 (citation omitted). “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992) (citation omitted).
|SA fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Where rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. State v. Winston, 11-1342, p. 8 (La.App. 4 Cir. 9/12/12), 100 So.3d 332, 337 (citations omitted).
In support of his argument that the evidence was insufficient to support his conviction, the defendant makes two claims: 1) the evidence did not establish possession; and 2) the evidence did not demonstrate the requisite intent to distribute.
First, the defendant submits that the State failed to prove possession of the cocaine. He points to the fact that cocaine was not recovered from his person. He also notes that State failed to produce the registration certificate or other evidence that he owned the mobile trailer in question. He emphasizes that no forensic evidence was submitted linking him to the *27 shoe where the cocaine was found. He further suggests that others had free access to the “open and abandoned trailer.”
To support a conviction for possession of a controlled dangerous substance, the State must initially prove that the defendant knowingly and intentionally possessed the drug. State v. Perron, 01-214, p. 6 (La.App. 4 Cir. 1/16/02), 806 So.2d 924, 928. The state need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support |fithe conviction. Id. (citation omitted). A person not in physical possession of narcotics may have constructive possession when the drugs are under that person’s dominion and control. Perron, 01-214, p. 6, 806 So.2d 924, 928 (citation omitted). Determining whether the defendant had constructive possession depends upon the circumstances of each case; and among the factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant’s relationship to the person in actual possession of the drugs; whether there is evidence of recent drug use; the defendant’s proximity to the drugs; and, any evidence that the area is frequented by drug users. State v. Allen, 96-138, p. 5 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017, 1020 (citations omitted). However, the mere presence of the defendant in an area where drugs are found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356, 360 (La.App. 4 Cir. 1991) (citation omitted).
In this case, the defendant conceded that the property in question was owned by the defendant and his family for many years. In addition, defendant was seen exiting the trailer shortly before the drugs were discovered, and documentary evidence was recovered linking him to the trailer.
The recent medical bill recovered from the trailer was addressed to the defendant at 4500 America Street. This demonstrates that defendant was still receiving mail addressed to him at the property at or near the time of the offense, suggesting that he was exercising control over the trailer at the time. This conclusion is also supported by the discovery of the employment application, 17which indicates that defendant was prepared to inform others that 4500 America Street was an address where he could be reached. The discovery of defendant’s state identification card inside the trailer demonstrated a strong relationship to the trailer itself, as it would be unusual for someone to leave an important document such as that somewhere other than a place where he exercised dominion and control. Finally, the defendant was observed exiting the trailer, which was on property that he owned with his siblings, further establishing his exercise of control over the trailer. Although the trailer was in a state of disrepair, the officers observed several small appliances, a bed, a sheet, and clothing inside the trailer, which suggest that the trailer was inhabited.
Given these circumstances, a rational fact finder could have concluded that Mr. Keys exercised regular dominion or control over the trailer, and the items found within it. Considering that the space was very small, it was also reasonable for the fact finder to conclude that one exercising control over the trailer would also have knowledge and control over the cocaine present in a shoe on top of the bed. Thus, there was sufficient evidence for a rational fact finder to find that defendant had constructive possession of the cocaine.
Next, the defendant argues that the State failed to prove that he had the *28 requisite intent to distribute, because the State did not show that the amount of crack cocaine seized was inconsistent with personal use.
Specific intent to distribute may be established by proving circumstances surrounding the defendant’s possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1068, 1071 (La.App. 4 Cir.1989) (citations omitted). In State v. Hearold, 603 So.2d 731, 735 (La.1992), the Louisiana Supreme Court explained that “[i]ntent is a condition of mind which is | ¿usually proved by evidence of circumstances from which intent may be inferred.” The Court identified five factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance as follows:
(1) [W]hether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

Id.

Here, the evidence established that the defendant had two previous convictions for possession with the intent to distribute cocaine, occurring at the intersection of America and Selma Streets.' The individual cocaine rocks were found individually packaged in plastic, and a digital scale and the box of baggies were also recovered from the scene. Additionally, the fact that a single piece of cocaine, packaged in plastic, was distributed to the informant from the trailer the day before the cocaine was recovered supports a strong inference that the cocaine that was discovered was being held for sale at the trailer. The lack of evidence suggesting consumption, such as a crack pipes, further leads to the inclination that the cocaine was not for personal use. Considering the foregoing factors, we find that the evidence was sufficient to prove the defendant had the intent to distribute cocaine.
The jury heard and reviewed all of the evidence. A review of the record as a whole demonstrates that the jury’s determination was reasonable, and that a rational trier of fact could have found the evidence, viewed in a light favorable to |3the prosecution, sufficient to prove the elements of possession with the intent to distribute cocaine. Accordingly, the evidence sufficiently supported the responsive verdict of attempted possession with the intent to distribute cocaine. See Colbert, supra.
In his second counseled and pro se assignment of error, the defendant asserts two distinct claims: 1) the trial court erred in allowing the State to present certain hearsay evidence; and 2) the trial court erred in admitting evidence of the defendant’s two prior convictions.
In reference to his first claim, the defendant argues that when the trial court erroneously admitted hearsay testimony regarding the controlled buy, and the allegation that the seller was named “Ray;” he was prejudiced due to his inability to confront the informant. On the other hand, the State argues that the defendant cannot complain that he was prejudiced by the admission of hearsay evidence regarding the informant after he explicitly informed the jurors of that evidence during opening statements.
*29 Before trial, the trial court granted the defendant’s motion in limine to exclude statements or. information obtained from the confidential informant.
Despite this ruling, during opening statements, defense counsel stated the following:
And then you’re going to learn that even the person they used .to help them [the police] try to figure this out doesn’t know anything other than a nickname. They don’t see — they don’t tell the officers the face of the person that’s dealing drugs. They just say somebody named “Ray” is dealing drugs at that address.
And so what do the police do, you’re going to learn that they said, hey, the car is there. You’ve seen the car come through. The person in the car must be the person dealing the drugs in that particular case. And so what you have is officers that had a great timing for an | ^opportunity. And so the only crime that Mr. Keys is guilty of is being in the right place, his family home at the wrong time.
At the conclusion of the defendant’s opening statement, the State objected and argued that the defense had opened the door to the introduction of limited evidence regarding the controlled purchase. The trial court listened to a recording of the opening statement and entertained arguments from counsel. The court expressed concern that defense counsel had informed the jurors that the police conducted surveillance of the trailer and that the only thing they learned was that there was a white Cadillac parked at the trailer. The court was also concerned by the fact that defense counsel openly informed the jury that the police were relying on someone who said drugs were being sold from the trailer. Before ruling, the trial court further stated:
I just don’t know why there was any reference to this in the Defense’s opening statement. I think that’s what I am trying to grapple with now, because I certainly, obviously did not allow the State, or would not allow the State in any case to reference or even allude to any type of Cl buy from the suspect.
In the end, the trial court allowed the State to introduce limited evidence on the controlled buy, over the defense’s objection, finding that the defense opened the door to the testimony.
The defendant first argues that the admission of evidence of the alleged “controlled buy” was inadmissible hearsay, and he was deprived of his right to confront the informant. He argues that once the informant left Detective Burke, everything that the informant did while out of the detective’s sight was hearsay.
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Court held that the admission of “testimonial” hearsay evidence 1 nvioIates the Sixth Amendment’s confrontation clause. Hearsay evidence is testimony in court, or written evidence, of a statement made out., of court, when the statement is being offered as an assertion to show the truth of matters asserted therein, and thus rests for its value upon the credibility of the out-of-court asserter. La. C.E. article 801(C); State v. Martin, 356 So.2d 1370, 1373-74 (La.1978). (citation omitted). One of the primary justifications for the exclusion of hearsay is that the adversary has no opportunity to cross-examine the absent de-clarant to test the accuracy and completeness of the testimony. The declarant is also not under oath at the time of the statement. Moreover, the confrontation clause of the United States Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses *30 against him”. U.S. Const amend. VI; State v. Wille, 559 So.2d 1321, 1329 (La.1990).
In certain circumstances, the testimony of a police officer may encompass information provided by another individual without constituting hearsay if offered to explain the course of the police investigation and the steps leading to the defendant’s arrest. State v. Cyrus, 11-1175, 20-21 (La.App. 4 Cir. 7/5/12), 97 So.3d 554, 565-66, (citing State v. Smith, 400 So.2d 587, 591 (La.1981); State v. Calloway, 324 So.2d 801, 809 (La.1976); State v. Monk, 315 So.2d 727, 740 (La.1975)). However, the Louisiana Supreme Court has warned that the State should not be allowed to use an officer as a “passkey” to present inadmissible hearsay evidence to the jury in the guise of “explaining police actions.” Id., 11-1175 at 21, 97 So.3d at 566 (citing State v. Hearold, 603 So.2d 731, 737 (La.1992); State v. Broadway, 96-2659, p. 8 (La.10/19/99), 753 So.2d 801, 809; Wille, 559 So.2d at 1331).
112Contrary to the defendant’s assertion, evidence of the controlled buy was not inadmissible hearsay. There was no out of court statement made by one other than the declarant offered in court to prove the truth of the matter asserted. The record reflects that Detective Burke conducted a controlled purchase. He testified as to what generally happens during a controlled purchase. He then testified regarding the procedure he used in the instant case, i.e., that the informant was searched and provided with department issued funds. He further testified as to what he observed during his surveillance. In particular, he saw the informant entered the trailer and exit shortly thereafter. After leaving the trailer, he immediately walked to Detective Burke’s vehicle, where he relinquished one piece of crack cocaine.
The record demonstrates that Detective Burke only testified as to his own observations during his participation in the controlled purchase. He did not testify regarding any statements made by the informant regarding what happened inside of the trailer. Moreover, this testimony was offered in an attempt to explain the course of the investigation leading to the application and execution of a search warrant, after the defense had alluded to the existence of an informant as well as the lack of any drug activity from the location in opening arguments. See Cyrus, supra. Certainly, the defendant was given the opportunity to cross-examine Detective Burke regarding his observations during the controlled purchase, giving him the ability to highlight any weaknesses, e.g., the detective’s failure to actually witness a drug purchase from the trailer by the defendant. Accordingly, under the foregoing circumstances, evidence of the controlled buy does not constitute hearsay.
Next, the defendant contends that evidence revealing that the informant identified the suspect as “Ray” was inadmissible hearsay.
|isln allowing the State to admit evidence of the controlled purchase, the trial court strictly limited the evidence to the fact that the trailer was under surveillance, and that the informant was observed going into the trailer, during a controlled purchase. Absent in the trial court’s ruling was a ruling to allow the State to admit evidence that the informant had stated that the suspect’s name was “Ray.” Instead, the information to which the defendant now objects was initially presented to the jury during his opening arguments, and later during cross-examination when the detective was asked whether the informant had given him any descriptive information of the suspect. After indicating that he had received no descriptive infor *31 mation other than a name, Detective Burke stated that the name he was given was “Ray;” however, this was only in response to defense counsel’s inquiry as to whether the name was Charles.
After the identification testimony was introduced during cross-examination, the State discussed this fact during closing arguments. However, the defendant did not object to the identification testimony either on cross-examination or during the State’s closing argument. An irregularity or error cannot be complained of after verdict unless it was objected to at the time of occurrence. La.C.Cr.P. art. 841. A defendant must state the specific error so that the trial court has the opportunity to make the proper ruling to prevent or cure any possible error. The defense is limited on appeal to those grounds articulated at trial. State v. Baker, 582 So.2d 1320, 1336 (La.App. 4 Cir.1991), writ den. 590 So.2d 1197 (La.1992), cert. den., Baker v. Louisiana, 506 U.S. 818, 113 S.Ct. 62, 121 L.Ed.2d 30 (1992). Accordingly, this issue was not preserved for review on appeal.
In his second claim under this assignment of error, the defendant challenges the admission of his two previous convictions for possession with the intent to |, distribute cocaine. The defendant makes several arguments with respect to the admissibility of the other crimes evidence: 1) the evidence was admitted solely to show that defendant acted in conformity with the prior acts; 2) the probative value was outweighed by unfair prejudice; 3) inadmissible hearsay, evidence was used to prove the existence of the two prior convictions; and 4) the trial court failed to give a limiting instruction to the jury.
Generally, evidence of other crimes committed by the defendant is inadmissible due.to the “substantial risk of grave prejudice to the defendant.” State v. Prieur, 277 So.2d 126 (La.1973). Pursuant to La. C.E. art. 404(B)(1), evidence of other crimes, wrongs or acts are generally not admissible to prove character. The article, however, provides for exceptions to this rule, which include admission for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or when the evidence relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. State v. Cavazos, 11-733, p. 11 (La.App. 4 Cir. 5/16/12), 94 So.3d 870, 879-80, writs denied, 12-1372 (La.10/26/12), 99 So.3d 645, and 12-1438 (La.10/26/12), 99 So.3d 645. Other crimes evidence is not admissible unless it tends to prove a material fact at issue or to rebut a defendant’s defense, and the probative value of the evidence must outweigh its prejudicial effect. State v. Grimes, 11-984, p. 36 (La.App. 4 Cir. 2/20/13), 109 So.3d 1007, 1028 (citations omitted). Moreover, a trial court’s ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. Id., 11-984 at 37, 109 So.3d at 1028 (citations omitted).
First, the defendant argues that the State did not demonstrate, as it had promised, similarities between the previous crimes; thus, suggesting that the 11sevidence did not assist in proving the required elements of the crime. The defendant concludes that the evidence only served to demonstrate that the defendant committed the charged crime because he committed other crimes in past.
In its Prieur notice, the State explained that it planned to introduce evidence of the defendant’s prior convictions for possession with the intent to distribute cocaine, which occurred at the same location, to show the defendant’s intent, preparation, knowledge, identity, absence of mistake or accident,
*32 At trial, the State admitted evidence that on two occasions the defendant was arrested for drug offenses occurring at the intersection of America and Selma Streets. It further established that in 1997 [8] and 1999[9], the defendant pled guilty to possession with the intent to distribute cocaine. In reference to the 1999 conviction, Sergeant Henry Laurent, formerly of the New Orleans Police Department, testified that he arrested the defendant and another subject as part of a take-down unit, during a “buy-bust”[10] operation, wherein cocaine was distributed to an undercover officer. Sergeant Laurent also testified that the officer, who was deceased, made a positive identification of the duo. Incident to arrest, members of the take-down unit recovered department currency from the defendant.
IirAs discussed, narcotics offenses involving possession with intent to distribute require proof of specific intent. State v. Ramoin, 410 So.2d 1010 (La.1981); State v. Elzie, 343 So.2d 712, 713 (La.1977). Guilty knowledge of possession must also be demonstrated. State v. Davis, 05-543, p. 8 (La.App. 3 Cir. 12/30/05), 918 So.2d 1186, 1192, writ denied, 06-587 (La.10/13/06), 939 So.2d 372.
In the instant case, the defendant contested both the possession and intent elements of the crime. His defense was that he was in the wrong place, his family residence, at the wrong time; thus suggesting that he was charged with this crime by mistake. His two prior criminal convictions for possession with the intent to distribute cocaine, occurring at the same intersections, were independently relevant to establishing absence of mistake, knowledge of possession, and intent to distribute cocaine in this case.[11]
Second, the defendant asserts the probative value was outweighed by the *33 unfair prejudice. He first contends that the prior convictions were so remote in time as to have no probative value. He also asserts that the fact that he was not convicted in the first trial, where the other crimes evidence was not used, demonstrates the grave prejudice caused by their introduction.
Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs it prejudicial effect. Cavazos, supra (citation omitted). Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility. Id. Moreover, the fact that |17the defendant committed the same offense, one involving actual distribution of cocaine, on two prior occasions near the same intersection is highly probative. The admission of probative evidence such as this is necessarily prejudicial to a defendant, as it tends to establish the defendant’s guilt. See State v. Fisher, 09-1187, p. 8 (La.App. 4 Cir. 5/18/10), 40 So.3d 1020, 1025. The underlying policy is not to prevent prejudice, since evidence of other crimes is always prejudicial, but to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime. State v. Williams, 02-645, p. 16 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 507, writ denied, 02-3182 (La.4/25/03), 842 So.2d 398. See also, Fisher, supra. Since the probative value of the evidence outweighed the unfair prejudice, we cannot find that the trial court abused its discretion in admitting the evidence of other crimes.
Third, the defendant argues that the State used inadmissible hearsay evidence to prove the existence of the prior convictions. He complains that both Officer Pollard and Sergeant Laurent’s testimony was hearsay.
The defendant asserts that Officer Pollard’s testimony regarding the previous convictions, which included detailed information about the incidents, was hearsay, because it was not made from the officer’s personal knowledge. Instead, the officer recited the information from the court documents. However, since the defendant failed to object to the substance of Officer Pollard’s testimony at trial; the issue has not been preserved for appellate review. See La.C.Cr.P. art. 841; and Baker, supra.
11sThe defendant also maintains that the entirety of Sergeant Laurent’s testimony was hearsay. He contends that Sergeant Laurent was testifying from the police report, as he could not remember the events leading up to defendant’s arrest; and that he was allowed to testify concerning events that were only witnessed by the undercover officer.
Though the record is ambiguous as to whether the sergeant had an independent recollection of the incident that led to the defendant’s 1999 conviction, the defendant failed to object to this issue at trial. Accordingly, it is not subject to review on appeal. Id.
The defendant did, however, object to the fact that Sergeant Laurent was allowed to testify that the deceased undercover officer positively identified the defendant. This testimony was an out of court statement offered in court in order to prove its truth. As such this evidence constitutes hearsay. Nevertheless, inadmissible hearsay which is merely cumulative or corroborative of other testimony adduced at trial is considered harmless. *34 State v. Everett, 11-714, p. 19 (La.App. 4 Cir. 6/13/12), 96 So.3d 605, 621 writs denied, 12-1593 (La.2/8/13), 108 So.3d 77, and 12-1610 (La.2/8/13), 108 So.3d 77 (citing State v. Johnson, 389 So.2d 1302, 1306 (La.1980)). Here, the certified record of defendant’s conviction along with Officer Pollard’s fingerprint analysis established that the defendant was the person who pled guilty to the offense, affirmatively establishing his identity. Accordingly, the error was harmless.
Fourth, the defendant asserts that the trial court failed to give the proper limiting instructions regarding consideration of the other crimes evidence.
At the request of the defendant, the court must offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury | ,9at the close of the trial that the other crimes evidence serves a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it. State v. Miller, 98-301, p. 5 (La.9/9/98), 718 So.2d 960, 962. The record does not reflect that the jury was given a limiting instruction before the evidence was introduced; however, there is no indication that the defendant requested one. Furthermore, the record reflects that the jury instructions were read to the jury without objection, and the record does not include a transcript of those instructions. Accordingly, this issue is not reviewable.
In his third counseled and pro se assignment of error, the defendant challenges his sentence as excessive. More specifically, he argues that he was erroneously adjudicated as a second felony offender. He contends that the State failed to meet its burden under La R.S. 15:529.1 in establishing that the ten-year cleansing period had not elapsed on his prior conviction, which was some fourteen years before the commission of the instant offense. La. R.S. 15:529.1(C) provides:
This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
The record reflects that the defendant was sentenced to ten years at hard labor for a conviction in 1997. His sentence was suspended, and he was placed on five years active probation. While still on probation, the defendant pled guilty to a second felony in April of 1999. At that time, he was sentenced to five years without benefits. After his second felony conviction, the defendant’s probation |2ofrom his earlier conviction was revoked in June of 1999, and his ten year sentence was made executory. The trial court found the defendant to be a second felony offender based on the 1997 conviction. We find that the record sufficiently supports the multiple offender adjudication; therefore, the defendant’s sentence is affirmed.[12]
We now turn to the defendant’s four pro se assignments of error: 1) the *35 trial court erred in allowing State to consolidate the charges from two separate bills of information for one trial; 2) the trial court erred in failing to grant a motion to reveal the identity of the confidential informant; 3) the trial court erroneously allowed the State to use perjured testimony to obtain a conviction; and 4) trial counsel was ineffective. Since the defendant has failed to brief the first three assignments, they are deemed abandoned. See Rule 2-12.4, Uniform Rules-Courts of Appeal; and State v. Alexander, 03-2072, p. 17 (La.App. 4 Cir. 5/19/04), 875 So.2d 853, 862.
In his last pro se assignment, the defendant contends that he received ineffective assistance of counsel for various reasons. Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729, 737 (La.1984). See also, La. C.Cr.P. art. 924 et seq. Here, the defendant alleges that his lawyer failed to challenge his arrest on the basis that only a search warrant was issued. He also claims that his attorney was ineffective for failing to address |2iPetective Burke’s submission of the piece of crack collected during the controlled buy into evidence. He further claims that his lawyer should have utilized the fact that there was no owner associated with the trailer in his defense. These matters would be more properly addressed through an application for post-conviction relief, thus we decline to consider them at this time.
Accordingly, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. This Court and the Supreme Court denied the defendant’s application for supervisory writs. This Court noted that the defendant had an adequate remedy on appeal.

. The defendant waived sentencing on the underlying offense, and was sentenced only to an enhanced sentence.

. At trial, Detective Burke testified that the property was located on the comer of America and Selma Streets. He explained that the home was demolished due to Katrina, and the mobile trailer was parked next to the home.

. Randall Cunningham, an investigator for the public defender’s office, testified that he went to 4500 America Street on May 11, 2011 and examined the trailer parked next to the residence. The trailer was unsecured and in deplorable condition. He stated that the only discernable structures inside the trailer were the steering wheel and driver's seat. He did not see a bed area in the trailer. He took a number of photographs of the inside of the trailer which show that the trailer was littered with trash and discarded effects.

. The parties stipulated that if Criminalists Brian Schultz and Corey Hall were called as a witnesses, they would qualify as experts in the forensic analysis of controlled dangerous substances and would testify that the evidence seized from the trailer at 4500 America Street tested positive for cocaine.

. Conversely, when Mr. Cunningham inspected the trailer in May, he discovered several documents addressed to individuals other than the defendant inside of the trailer.

. At trial, the State also introduced evidence of defendant’s two previous convictions for possession with the intent to distribute cocaine, also occurring at the intersection of America and Selma Streets.

. As the defendant points out, the evidence submitted regarding the defendánt’s 1997 conviction was limited to a certified conviction packet, introduced through fingerprint expert, Officer Joe Pollard. The packet established that the defendant pled guilty to possession with the intent to distribute cocaine. It further reflected that the location of both the offense and the arrest occurred at the intersection of America and Selma Streets. Accordingly, any suggestion that this evidence failed to meet the burden of proof lacks merit. Significantly, the requisite burden of proving other crimes evidence is unclear in Louisiana; however, this Court has found that it is not unreasonable to conclude that the requisite burden is a preponderance of the evidence. See State v. Scoggins, 10-869, pp. 11-12 (La.App. 4 Cir. 6/17/11), 70 So.3d 145, 152-53, writ denied, 11-1608 (La.2/10/12), 79 So.3d 1033.

. There is a discrepancy in the certified conviction packet from the 1999 conviction. The bill of information reflects that the defendant was charged with distribution of cocaine. The docket master reflects that the defendant pled guilty as charged, though the guilty plea form signed by the defendant states that defendant pled guilty to possession with the intent to distribute cocaine. Nevertheless, the docket master also reflects that the defendant was charged with possession with the intent to distribute. In addition, the State’s Prieur notice reflects that it was introducing evidence of the defendant’s two previous convictions for possession with the intent to distribute cocaine.

. . Sergeant Laurent explained that in a “buy-bust” operation, an undercover officer would go into an area, make himself available to narcotics dealers, and make a purchase.

. See State v. McGinnis, 07-1419, p. 14 (La.App. 3 Cir. 4/30/08), 981 So.2d 881, 892, where the court considered that evidence of the defendant’s prior conviction for possession with intent to distribute cocaine probative in finding that the State’s evidence was sufficient to meet the required elements of the same subsequent offense; State v. Ceaser, 09-236, pp. 16-17 (La.App. 3 Cir. 11/4/09), 21 So.3d 1122, 1133, writ denied, 09-2734 (La.6/4/10), 38 So.3d 300, where the court again utilized the defendant’s prior convictions for distribution and possession with intent to distribute illicit substances as proba *33 tive in determining that there was sufficient evidence to conviction the defendant of possession with the intent to distribute.

. The defendant also asserts that the trial court imposed an illegal sentence when it restricted parole and probation for the first two years. Our review reveals no error as it relates to the two-year parole restriction.