SANDRA CABRINA JENKINS, Judge.
hThe defendant, Jose Del Carmen Ramirez, appeals his conviction of second-degree murder, a violation of La. R.S. 14:30.1. In the three assignments of error presented to this Court on appeal, the defendant raises the issues of sufficiency of evidence to support conviction, the admission of hearsay evidence, and the denial of the defendant’s motion to record simultaneous interpretations. For the following reasons, we affirm the defendant’s conviction.
FACTUAL AND PROCEDURAL BACKGROUND
On the evening of May 1, 2009, the victim, Irma Sanchez, and her husband and two children were having a picnic with friends outside of the Pick and Go convenience store on Elysian Fields Avenue. Upon arriving at the gas station, the defendant, Jose Del Carmen Ramirez, recognized one of the people at this picnic as someone with whom his brother had recently had an altercation. The defendant approached the group inquiring about the incident and ultimately retrieved a machete from the trunk of his car because the other individual was armed with a bat. After the defendant swung the machete at the other individual multiple times, he fled *638 the scene in a red Pontiac. This fight was captured on the gas station’s surveillance system.
1 ¡.About twenty minutes later, the red Pontiac returned' to the gas station; and the passenger began shooting at the group at the picnic while the vehicle drove slowly away. This incident was not captured on any ■ surveillance system. Three eyewitnesses independently identified the defendant as the shooter to the responding officer, Officer Janssen Valencia (“Officer Valencia”), and informed her as to where the defendant lived.
Thereafter, the three eyewitnesses and Officer Valencia proceeded to locate the shooter’s residence, as the individuals did not know his physical address. Upon passing the anticipated location, the three eyewitnesses identified the man exiting the red Pontiac, the defendant, as the person they had seen shoot the victim. The defendant was then arrested and charged with second-degree murder. After a three-day trial, a jury found "the defendant guilty as charged. The defendant was sentenced to serve life in prison, without any benefits. This appeal followed.
ERRORS PATENT
In accordance with La.C.Cr.P. art. 920, all appeals are reviewed by this Court for errors patent on the face of the record. After reviewing the record, we note one error patent. At the sentencing hearing, the trial court vaguely informed the defendant that his sentence to life imprisonment was to be served without “any benefits.”
Pursuant to La. R.S. 14:30.1, a sentence to life imprisonment at hard labor must be served without the benefit of parole, pro-" bation, or suspension of sentence. The minute entry indicates that the imposed sentence was to be served without the benefit of probation, parole, or suspension. However, according to the November 11, 2011 sentencing hearing transcript, the trial court merely stated that the defendant was to “serve life imprisonment ... without any benefits.”
|3Despite the vagueness of the sentence, pursuant to La. R.S. 15:301.1(A) and State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with the statutory restrictions as to the specified benefits. (“In instances where these restrictions are not recited at sentencing, La.Rev.Stat. Ann. § 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court.”) Id., 2000-1725, p. 10, 800 So.2d at 799; See State v. Byrd, 2012-0556, p. 14 (La.App. 4 Cir. 6/5/13), 119 So.3d 801, 809-810; State v. Molere, 2011-1657, p. 7 (La.App. 4 Cir. 9/5/12), 99 So.3d 1050, 1054; State v. Phillips, 2003-0304, p. 3 (La.App. 4 Cir. 7/23/03), 853 So.2d 675, 677. Although the defendant has not assigned error as to his sentence, for the reasons expressed in Williams, this error patent merits no relief.
LAW AND ANALYSIS
The defendant raises three assignments of error relating to his trial and conviction. In his first assignment of error, the defendant raises the issue of sufficiency of the evidence to support his conviction. When issues are raised on appeal as to the sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence as a finding of insufficient evidence warrant's acquittal of the defendant and the remaining assignments of error become moot. State v. German, 2012-1293, p. 11 (La.App. 4 Cir. 1/22/14), 133 So.3d 179, 190 (citing State v. Marcantel, 2000-1629, p. 8 (La.4/3/02), 815 So.2d 50, 55). Accordingly, the sufficiency of the evidence claim will be addressed first.
*639 1 ¿Sufficiency of Evidence
In State v. Huckabay, 2000-1082 (La. App. 4 Cir. 2/6/02), 809 So.2d 1093, this Court identified the standard for reviewing a sufficiency of the evidence challenge:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mus-sall; Green; supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
Id., 2000-1082, p. 32, 809 So.2d at 1111(quoting State v. Ragas, 98-0011, pp. 13-14 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, 106-07).
The reviewing court shall not disturb the fact-finder’s determination concerning the credibility of witnesses when reviewing sufficiency of the evidence | ^claims unless it is clearly contrary to the evidence. State v. Rosiere, 488 So.2d 965, 968 (La. 1986); State v. James, 2009-1188, p. 4 (La.App. 4 Cir. 2/24/10), 32 So.3d 993, 996 (citing State v. Vessell, 450 So.2d 938, 943 (La.1984)).
The defendant in the instant case was convicted of second-degree murder. We have reviewed the elements of this offense and, viewing the testimony and evidence submitted at trial in the light most favorable to the State, have determined that the evidence is sufficient to support a finding of guilt. The pertinent elements of the defendant’s conviction are: the killing of a human being, while engaged in the perpetration or attempted perpetration of assault by drive-by shooting, even though the perpetrator did not possess the specific intent to kill or inflict great bodily harm. La. R.S. 14:30.1(A)(2). La. R.S. 14:37.1 defines assault by drive-by shooting as an “assault committed with a firearm when an offender uses a motor vehicle to facilitate the assault.”
*640 The defendant only challenges the sufficiency of the evidence establishing his identity as the person who shot the victim. When the challenge is to the defendant’s identity as the perpetrator, the prosecution is required to negate any reasonable probability of misidentification. State v. Pierce, 2012-0879, p. 4 (La.App. 4 Cir. 12/10/18), 131 So.3d 136, 140; State v. Galle, 2011-0930, p. 31 (La.App. 4 Cir. 2/13/13), 107 So.3d 916, 935; State v. Everett, 2011-0714, p. 15 (La.App. 4 Cir. 6/13/12), 96 So.3d 605, 619. In support of his argument, the defendant argues that there is no physical evidence connecting him to the crime scene, no witness testified at trial identifying him as the shooter, and that his confession was coerced.
| fiIn response to the defendant’s allegation regarding the absence of physical evidence, the defendant correctly points out that no gun was recovered matching the bullet casings that were found on the scene, and no video surveillance exists depicting the shooting. However, this Court has held that despite the lack of physical evidence, the testimony of any one witness, if believed by the trier of fact, can provide sufficient support for a finding of guilt. See State v. McElveen, 2010-0172, p. 19 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033, 1052 (citing State v. Marshall, 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369); State v. Allen, 2003-2156, p. 8 (La.App. 4 Cir. 5/19/04), 876 So.2d 122, 127 (citing Marcantel, p. 9, 815 So.2d at 56); State v. McZeal, 99-3061, p. 14 (La.App. 4 Cir. 11/29/00), 779 So.2d 826, 834 (citing State v. Jones, 97-2591, p. 7 (La.App. 4 Cir. 9/8/99), 744 So.2d 165, 169); see also State v. Robinson, 2002-1869, p. 16 (La.4/14/04), 874 So.2d 66, 79 (citing State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018). Thus, the absence of physical evidence by itself fails to prove that the evidence was insufficient.
The defendant also contends the evidence is not sufficient to support his conviction because no witness testified at trial identifying him as the shooter. Through Officer Valencia’s testimony, the State provided testimony that a total of three eyewitnesses identified the defendant as the shooter. The defendant pre-. sented testimony from one witness concerning his alibi. When reviewing a conviction for sufficiency of the evidence, it is well settled that an appellate court considers all evidence presented at trial, including admissible and inadmissible evidence which was erroneously admitted. State v. Falkins, 2012-1654, pp. 8-9 (La. App. 4 Cir. 7/23/14), 146 So.3d 838 (citing State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Brown, 2008-1434, p. 8 (La.App. 4 Cir. 3/18/09), 7 So.3d 1238, 1242). Accordingly, 17regardless of whether the identification statements admitted through Officer Valencia were improper, they will still be considered during our review of the sufficiency of the evidence.
Additionally, the defendant’s argument that no witness testified at trial identifying him as the shooter is a misstatement of the record. The victim’s husband testified on direct examination that the shooter was the person who was initially fighting with the machete, and on cross-examination stated that the person using the machete was the defendant. Considering this evidence, it was well within the jury’s discretion to conclude that the defendant was the shooter, particularly in light of the defense’s own admission that the defendant was the one swinging the machete.
In the defendant’s final argument as to the sufficiency of the evidence, he asserts that his confession was admitted in error as it was coerced and not given voluntarily, freely, or knowingly. The defendant is not disputing the trial court’s ruling on his *641 motion to suppress the confession; rather, he is alleging that the State’s reliance on the statement is, in and of itself, insufficient to support his conviction because the confession was coerced.
This Court stated in State v. Lee, 482 So.2d 194 (La.App. 4 Cir.1986), that:
[T]he rules governing the admissibility of confessions are applicable to admissions involving the existence of criminal intent or inculpatory fact. The Trial Court’s determination of the admissibility of either a confession or admission will not be disturbed on review unless it is not supported by the evidence. When reviewing the trial court’s determination of admissibility, the reviewing court may look to the totality of the evidence presented at the suppression hearing and at the trial itself.
Id., 482 So.2d at 196 (internal citations omitted). The defendant’s only argument in support of coercion is that he was handcuffed to a table in a small room for ^approximately one hour before his statement was recorded, and he was purportedly threatened that “his family would be placed in jail unless he confessed to the shooting.” The defendant’s failure to present corroborating evidence to support his assertion that threats were made makes this argument unconvincing.
For the abovementioned reasons, we find that the testimony and evidence presented was sufficient to support the jury verdict of guilt beyond a reasonable doubt of second-degree murder. This assignment of error is without merit.

Eyewitness Identification Testimony

In this additional assignment of error, the defendant contends that the testimony concerning the three eyewitnesses’ identifications was inadmissible hearsay. In support of this contention, the defendant argues that despite no witness identifying him at trial, the state was allowed to circumvent the hearsay safeguards and present evidence through the officers identifying the defendant as the shooter. Furthermore, the defendant argues that the- trial court erroneously allowed the state to refer to these identification statements during opening statements and closing arguments.
Unless an irregularity or error is objected to at the time of occurrence, it cannot be complained of after a verdict. La.C.Cr.P. ai’t. 841. A simultaneous objection is required so that the trial court can rule accordingly and cure or prevent any potential error. Thus, on appeal, the defense is limited to those grounds raised at trial. State v. Keys, 2012-1177, p. 13 (La.App. 4 Cir. 9/4/13), 125 So.3d 19, 31 (citing State v. Baker, 582 So.2d 1320, 1336 (La.App. 4 Cir.1991)). A review of the record reveals that no objection was made when Officer Valencia testified to the identifications during direct - examination. Likewise, the record contains no objection made during opening statements or closing arguments. As such, any ^alleged error as to Officer Valencia’s testimony and the references to it during opening statements and closing arguments was not preserved for appellate review. However, a proper objection was made as to the statements made by Detective Anthony Pardo and Sergeant Regina Williams. Because the defendant has preserved only his objections to these statements for appellate review, they are the only statements that will be considered by this Court.
According to La. C.E. art. 801(A)(1) and (C), hearsay is “an oral or written assertion ... other than one made by the de-clarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” See State v. Augustine, 2013-0397, p. 18 (La. App. 4 Cir. 1/22/14), 133 So.3d 148, 159. *642 “Hearsay is excluded because the value of the statement rests on the credibility of the out-of-court asserter who is not subject to cross-examination and other safeguards of reliability.” State v. Weber, 2002-0618, p. 20 (La.App. 4 Cir. 12/4/02), 834 So.2d 540, 553-54.
The trial transcript reflects that Detective Pardo stated that the three eyewitnesses indicated that the shooter’s first name was “Jose” and provided the other detectives with his address. The trial transcript further reveals that Sergeant Williams testified that upon her arrival at the scene of the shooting, she heard through the dispatch radio that the alleged shooter had already been identified, located, and arrested.
A reversal of a defendant’s conviction is appropriate only if, pursuant to the harmless error analysis, there is “a reasonable possibility that the evidence might have contributed to the verdict.” State v. Skipper, 2011-1346, p. 10 (La.App. 4 Cir. 10/10/12), 101 So.3d 537, 544 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421, 426-27 (La. 1980)). Furthermore, in making this determination, “importance of the evidence to the State’s case, the presence or absence of additional corroboration of the evidence, and the overall strength of the State’s case” are factors that should be considered. Weber, 2002-0618, p. 21, 834 So.2d at 554 (citing State v. Wille, 559 So.2d 1321, 1332 (La.1990)).
While an argument could possibly be made that Detective Pardo and Sergeant Williams’ statements constitute hearsay evidence, even if both of these statements were revoked, the jury was still presented with Officer Valencia’s testimony that three eyewitnesses were able to identify the defendant as the shooter and provide them with the defendant’s address. Moreover, the jury was also presented with live testimony from the victim’s husband, who testified that the individual involved in the machete fight was the same individual who later returned in the red Pontiac and shot the victim. Thus, Detective Pardo’s and Sergeant Williams’ identification statements were cumulative in that they merely corroborated this evidence.
The jury obviously chose to believe the evidence presented by the State, and this Court is not called upon to independently question whether it believes the witnesses’ testimony. Because they were cumulative, we cannot say that Detective Pardo’s and Sergeant Williams’ identification statements reasonably contributed to the verdict. Therefore, the admission of this testimony, if error, is harmless, and the defendant failed to show he was entitled to relief on this basis.

Motion to Record Simultaneous Interpretations

In the defendant’s third and final assignment of error, he asserts the trial court erroneously denied his motion to record simultaneous interpretations at trial. Specifically, the defendant assigns error to the trial judge’s failure to consider the | t defendant’s indigent status, as determined by the trial court, when permitting him to record the proceedings at his own expense. It should be noted at the outset of this assignment of error that the record reflects that the defendant does not speak English, and his primary language is Spanish.
Pursuant to La.C.Cr.P. art. 25.1, a court is required to appoint an interpreter, if requested, for a non-English-speaking person who is a principal party in a court proceeding after consultation with said person or his attorney. Here, the defendant was appointed an interpreter, Haidy Ochoa, and his testimony was translated *643 into English. The defendant, however, argues that as only the translated English version was recorded, it is impossible to meet his burden of proving specific prejudice. In support of his argument, the defendant notes several factors, such as the translator’s lack of qualifications, the numerous translation issues during trial, and the initial translator’s discharge for threatening witnesses at the grand jury proceedings, that would allegedly show actual prejudice if the English-to-Spanish and Spanish-to-English interpreter’s translations had been recorded.
In addressing the defendant’s first argument, we do not agree. While La. C.Cr.P. art. 25.1 requires appointment of an interpreter who is “competent to interpret or to translate the proceedings to him and to interpret or translate his testimony,” the interpreter is required to be qualified only if the accused is deaf or severely hearing-impaired; the defendant in the instant case is neither. State v. Santos, 2009-789, p. 9 (La.App. 5 Cir. 4/13/10), 40 So.3d 167, 173; See La. R.S. 15:270. Despite the defendant’s contention that the interpreter did not possess the requisite credentials, Ms. Ochoa did not need to be formally certified or otherwise qualified; thus, her appointment was not error.
| iaThe defendant’s second argument concerning the translation discrepancies is likewise without merit. When, as here, a defendant has failed to point to any specific prejudice related to instances of improper translation, the trial court’s judgment shall not be reversed by the appellate court. See State v. Gonzalez, 2007-0532, pp. 5-6 (La.App. 4 Cir. 11/28/07), 973 So.2d 115, 118; see also La.C.Cr.P. art. 921. In the present case, the defendant has not claimed any specific prejudice arising out of the interpreter’s translations. Rather, the defendant asserts that because the interpreter asked for shorter questions, clarification, or a correction a total of eight times during the defendant’s testimony, the translation was deficient. This assertion is merely an assumption and, absent support, falls short of demonstrating that the defendant’s substantial rights were violated.
The defendant’s final argument on this assignment of error also merits no relief. The fact that the initial interpreter was discharged from this case for her inappropriate behavior during pre-trial proceedings is wholly unrelated to Ms. Ochoa and Ms. Ochoa’s role at trial. Accordingly, we find no error in the trial court’s denial of the defendant’s motion to record simultaneous interpretations.
DECREE
For the forgoing reasons, we affirm the conviction of the defendant, Jose Del Carmen Ramirez.
AFFIRMED.
LANDRIEU, J., concurs in the result.
LOBRANO, J., concurs in the result.