JENKINS,
and assigns reasons
I concur in the majority’s opinion to affirm defendant’s conviction and sentence. I write separately because I find that- the defendant did not preserve for appeal his assignment of error.'
In defendant’s sole assignment of error he argues “the trial court abused its discretion by allowing the introduction of ‘expert’ testimony as to Mr. Gray’s alleged gang affiliation.”' The majority appropriately notes that at nó time during trial was an objection raised as to Det. Bakewell’s expertise to testify in this matter. I note defendant’s argument that “the Daubert factors for the introduction of expert testimony apply to ‘experts’ such as Det. Bake-well.” Yet, there is no evidence in the record of a contemporaneous objection by the defendant that no preliminary determination had been made by the trial court as to the admissibility of the ‘ expert’s proffered testimony.
A contemporaneous objection is necessary to afford the trial court an opportunity to prevent’or cure any error, and the defense is limited on appeal to those grounds articulated at trial. La. C. Cr. P. art. 841; State v. Keys, 12-1177, p. 13 (La.App. 4 Cir. 9/4/13), 125 So.3d 19, 31 (citing State v. Baker, 582 So.2d 1320, 1336 (La.App. 4 Cir.1991)). It is well-settled that where a defendant fails to preserve an issue for appeal pursuant to Art. 841, this Court will refuse to review or consider that issue. State v. Ramirez, 13-1554, p. 9 (La.App. 4 Cir. 11/12/14), 154 So.3d 636, 641 (reviewing the testimony of two law enforcement officers for hearsay where the defendant objected to their testimony but declining review of a third officer’s testimony where the defendant did not object); State v. Keys, 12-1177, p. 13 (La.App. 4 Cir. 9/4/13), 125 So.3d 19, 31 (refusing to review identification testimony for hearsay where the defendant did not object to the testimony on that basis when it was introduced).