EDWIN A. LOMBARD, Judge.
| T Defendant/relator, Trudie Walker, filed this appeal seeking review of a misdemeanor conviction for driving while intoxicated (“DWI”), a violation of La.Rev.Stat. 14:98. Because there is no right of appeal [1] from a misdemeanor conviction, see La.Code Crim. Proc. art. 912.1(B), we convert her appeal to an application for supervisory writ. See La.Code Crim. Proc. art. 912.1(C).
In the early morning hours of August 26, 2004, the defendant was stopped for speeding by a deputy sheriff of the Plaque-mines Parish Sheriffs Office. She was charged with operating a vehicle while intoxicated, speeding, failure to stop at a red light, and driving with a suspended license. The defendant pleaded not guilty to all counts and the ease was submitted to the trial court on the basis of the police report and videotape taken at the scene. After taking the matter under advisement, the trial judge found the defendant guilty as charged on all counts. The defendant was sentenced to sixty days in parish prison on the DWI count, suspended, and placed on two years probation. In addition, the court imposed a fine of $750.00, and 1 ^ordered that the sentence be served consecutively with an earlier DWI sentence (the subject of 2005-KA-0875).[2]
The defendant, now before this court on application for supervisory writ, challenges her DWI conviction, arguing that the State presented insufficient evidence to show she was intoxicated because *157 the videotape introduced at trial negates any finding that she was intoxicated at the time the officers stopped her.
In reviewing a defendant’s claim of insufficiency of evidence to justify the conviction, this court views the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985). La.Rev.Stat. 14:98(A)(1) defines the crime of operating a vehicle while intoxicated as “the operating of any motor vehicle ... when: (1) The operator is under the influence of alcoholic beverages....” In order to support a conviction under this statute, the State must prove that (1) the defendant was operating a vehicle, and (2) the defendant was under the influence of alcoholic beverages. State v. Fontenot, 408 So.2d 919 (La.1982). It is not necessary, however, for the State to present evidence of scientific testing or even field testing in order to prove that a defendant was intoxicated. State v. Loisel, 2001-2018, p. 5 (La.App. 4 Cir. 3/6/02), 812 So.2d 822, 825.
A review of the record in this case indicates that no testimony was taken at trial; the State merely presented the police report and the videotape of the incident made by a state police trooper who responded to the deputy ^sheriff’s call for assistance. The police report indicates that the deputy stopped the defendant after observing her disregard a stoplight and then clocking her speed at 72 m.p.h. in a 45 m.p.h. zone on Highway 23. The deputy noticed a very strong odor of alcohol and somewhat slurred speech. After being advised of her rights, the defendant admitted to drinking four beers prior to driving to a local bar. After refusing to undergo any field sobriety tests, the defendant was arrested, taken to the Belle Chasse Lockup where she refused to take a breathalyzer test, and booked with speeding, DWI, disregarding a red light, and driving with a suspended license.
The videotape of the incident first briefly shows the defendant standing next to her car. The defendant is not visible during the initial contact between the state trooper and sheriffs deputy, but her voice can be heard and it is slow and somewhat slurred. The defendant was subsequently moved to the front of the patrol car where the camera was pointed. The defendant does not appear to be swaying as she walks into the camera’s range but she does admit that she consumed three or four beers within the preceding few hours. The defendant, placed in the patrol car after refusing to take field sobriety tests, attempted to exit the vehicle while the trooper was securing her car and can be heard complaining that the patrol car is hot and accusing the state trooper of being “mean.” During the drive to the Belle Chasse Lockup the video camera was pointed towards the defendant but partially blocked by various objects. The image is not clear but it does appear that the defendant was swaying in her seat during the ride. Once at the lockup, the state trooper removed the defendant from the patrol car and then asked another officer to take her upstairs. As the officer escorted the defendant out of camera range, the state trooper advised him to hold onto her arm because it looked like she was going to fall. The tape then ended.
| ¿Thus, the videotape does not discredit the information in the police report concerning the defendant’s state of intoxication. Although the videotape does not show the defendant swaying as she walked, her speech does appear to be somewhat slurred and she is heard complaining that it was hot in the patrol car, *158 even though the air conditioning was running. In addition, the state trooper warned the officer escorting the defendant up the stairs at the lockup to hold onto her arm because it appeared she was going to fall down. This evidence bolsters the evidence in the police report that the defendant was swaying, smelled of alcohol, and had slurred speech. Accordingly, viewing the evidence in the light most favorable to the prosecution, the trial court could have found that the State proved that the defendant was intoxicated while operating, her car. The defendant’s claim is without merit. Accordingly, we deny her application for supervisory writ.
APPEAL CONVERTED TO WRIT; WRIT DENIED.

. On May 10, 2005, the trial judge erroneously granted the defendant’s motion for appeal.

. The court sentenced the relator to thirty days in parish prison or a payment of a $100 fine on the speeding count, to ten days in parish prison or payment of a $25.00 fine on the failure to stop at a red light count, and ninety days in parish prison or payment of a $500.00 fine on the suspended license count.