MICHAEL E. KIRBY, Judge.

\,STATEMENT OF CASE

The state charged appellant, Herbert James, with two counts of sexual battery in violation of La. R.S. 14:43.1.[1] He entered a not guilty plea and waived motions. On October 29, 2008, the district court denied appellant’s motion to quash. He then proceeded to trial before the judge and was found guilty as charged. His subsequent motion for new trial was denied and, after waiving delays, appellant was sentenced on each count to serve nine years at hard labor without benefit of parole, to run concurrently. His motion for appeal was granted.
Because we find the evidence at trial was sufficient to warrant a conviction and that the trial was timely within the parameters of La.C.Cr.P. art. 578 et seq., we affirm appellant’s conviction and sentence.

*995
STATEMENT OF FACT

The female victim was eleven years old when the alleged sexual batteries occurred.[2] Appellant was her mother’s boyfriend; they had dated for approximately eight months. The victim’s mother worked at a local department store and was often unable to pick her children up from school. When this happened, appellant would sometimes pick the children up, fix them dinner, and help with their homework.
The first count of sexual battery is alleged to have occurred between March and September of 2003 at a home on Bunker Hill Road. The victim lived there with her mother, grandmother, and siblings. Appellant did not live with the family. On the day of the first incident appellant picked the victim and her brothers up from school. When they arrived home, appellant told the boys to take a nap. The victim went into her mother’s bedroom where her infant sister was sleeping, and she watched television. Appellant was also in the bedroom, lying on the bed. Appellant called the victim over to her and pulled his “stuff’ out by unzipping his pants. He then proceeded to put baby oil on his penis, grabbed the victim’s hand, placed her hand on his penis, and made her hand move. Afterwards, the victim left and went to the bathroom.
The second incident is alleged to have occurred on November 10, 2003 and happened at the family’s new home. After arriving home from school, the victim took a bath. Appellant told her to put on a skirt and she complied by putting on a skirt, shirt, and underwear. The victim then went into the living room, where her sister was sleeping. Appellant was lying on the sofa. He called her to him, picked |sher up and placed her next to him on the sofa. Appellant told her to take off her underwear, and he pulled his pants and underwear down. He tried to put his penis inside of her but had only placed the tip next to her when the phone rang and he got up. During cross-examination, the victim stated that appellant also rubbed her chest. She denied wearing a nightgown.
The next day the victim told her grandmother and cousin. The grandmother took her to the social worker at school. The grandmother and social worker accompanied her to visit a doctor.
Thereafter, the victim was taken to a child advocacy center on December 12, 2003, where she was interviewed for forty-five minutes by Joan Williams. The tape was played during trial.
Appellant testified that about the same time as the second incident occurred, he was called by staff at the victim’s school. Her brothers were at school, but the staff was unable to locate the victim. The school later called him and told him that the victim had been found. She was supposedly in the boy’s bathroom with some boy.
Appellant testified that he specifically remembered November 10, 2003. He said the victim’s mother was home that day and that the two of them were watching a movie. The victim later joined them. Appellant adamantly denied all of the allegations.

ERRORS PATENT

None.

\ .ASSIGNMENT OF ERROR NUMBER 1

By his first assignment of error, appellant argues that the evidence was insufficient to sustain a conviction because the inconsistencies between the victim’s *996 statements and her testimony at trial were so great that it rendered her testimony incredible. The statements to which he refers were those made by the victim to four assistant district attorneys.
Appellant’s argument is not as to the proof of the particular elements of the offense. Indeed, the victim’s testimony at trial supports the convictions for sexual battery. Rather, appellant argues that the victim’s testimony was not credible because of inconsistencies between her earlier statements and her testimony at trial. He notes seven inconsistencies in particular: (1) whether she was wearing a skirt or a nightgown when he attempted to penetrate her; (2) whether he made her lie down with him or get on top of him when he attempted to penetrate her; (3) whether or not he actually penetrated her; (4) whether he took his pants off or just pulled them down; (5) whether there was a pistol present; (6) whether he entered the mother’s bedroom before or after she entered; and (7) whether she saw her brother outside her mother’s bedroom.
Conflicting statements as to factual matters relate to the weight of the evidence, not its sufficiency. State v. Jones, 537 So.2d 1244, 1249 (La.App. 4 Cir.1989). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. Id. A trier of fact’s determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984). In this case the |5trial court’s credibility determination is not contrary to the evidence especially when compared with the following two cases.
The first case, State v. Galindo, 2006-1090 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102, writ denied, 2007-2145 (La.3/24/08), 977 So.2d 952, involved an eight-year old victim, E.M. She and her' friend, M.M., accused the defendant of touching E.M. inappropriately; M.M. initially alleged that the defendant blew a raspberry on E.M.’s bare buttocks whereas E.M. alleged that he touched her vagina on several occasions. E.M. later adopted the story told by M.M.; however, both girls recanted their raspberry story to prosecutors the day before trial. However, at trial the girls reverted to their pre-recantation raspberry story. In finding that the evidence was sufficient, this court stated:
The strongest support for the appellant’s argument that the evidence was insufficient was the admissions of M.M. and E.M. that, on the day before the trial, they told the prosecutors that the defendant had never blown a raspberry on E.M.’s butt. The girls then indicated at trial that he had. However, the girls were questioned at length about the discrepancies in their statements to the prosecutors and their trial testimony. The jury was able to observe the demeanor of the girls, as well as view the videotaped statement which E.M. had given, and apparently found her credible. Contrary to the appellant’s argument, the victim’s testimony was not so suspect as to render it invalid. Thus, viewing the evidence in the light most favorable to the prosecution, the jury could legitimately find beyond a reasonable doubt that the appellant committed the crime of sexual battery.
Id. at 11-12, 968 So.2d at 1111.
In the second case, State v. Crockett, 583 So.2d 593 (La.App. 4 Cir.1991), the victim testified at the defendant’s first trial that he had vaginal intercourse with her for two minutes whereas at his second trial, she testified that he never entered either her vagina or anus because he was unable *997 to | (¡achieve or maintain an erection. Other inconsistencies also existed between her statement to police and her testimony at the two trials. Despite this, this court held that “these contradictions and inconsistencies do not rise to a level of incredibility. Any rational trier of fact could have believed her testimony given at this trial.”[3]
Like Galindo, the victim here was questioned at length about the inconsistencies in her statements to the prosecutors and her trial testimony. The judge was able to observe the demeanor of the victim during trial and during her videotaped statement. Obviously, he found her credible. Also, her statements to two of the four prosecutors were relatively consistent with her testimony at trial including the fact that she was wearing a skirt. Also, during her interview with the child advocacy counsel- or, she stated that she was wearing a skirt. The victim was consistent when describing the actual acts insofar as appellant touched her vagina with his penis and that she was made to rub baby oil on his penis. She testified at trial that appellant always carried a gun with him. The other discrepancies as to whether his pants were completely removed, whether he entered the bedroom first, or whether she saw her brother are inconsequential. Thus, the victim’s testimony was not as incredible as appellant argues.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757, 758 (La.App. 4 Cir.1991). Viewed in this light, the evidence here was sufficient to support appellant’s convictions, and this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2

By this assignment of error, appellant asserts that the district court erred by denying his motion to quash because the two-year period established by La.C.Cr.P. art. 578 had expired.
Pursuant to La.C.Cr.P. art. 578, the state had two years from the institution of prosecution within which to bring the defendant to trial. However, the time periods listed in article 578 may be suspended by the defendant’s filing of a motion to quash or other preliminary plea. The suspension lasts until the court rules on the plea but in any case the state has no less than one year from the ruling within which to bring the defendant to trial. La.C.Cr.P. art. 580. These time periods may also be interrupted, C.Cr.P. art. 579, in which case the time limitations of article 578 begin to run anew once the cause of the interruption ceases to exist.
Here, the original bill of information was filed on August 20, 2004 under case number 451-299 but on June 13, 2005, when the trial court denied a state continuance, the state dismissed all charges. The state reinstituted the charges under case number 460-404 on June 15, 2005. The district court granted the defense motion to quash on June 28, 2005, but the state appealed and this court reversed, finding that appellant waived his right to an answer to his motion for a bill of particulars and that his right to a speedy trial had not been violated. State v. James, unpub., *998 2006-0801 (La.App. 4 Cir. 1/24/07), 948 So.2d 403. Appellant did not seek ^supervisory review from the Louisiana Supreme Court. Thus, the one-year period of article 580 did not begin to run until the decision became final on February 7, 2007.[4] Thus, pursuant to La.C.Cr.P. art. 580, the state had until February 7, 2008 to bring appellant to trial provided that no other suspensions or interruptions occurred.
Following the reversal, trial was not scheduled until December 5, 2007. On that day, the state moved to continue the trial, and it was reset for February 19, 2008 without objection. The defense moved to continue the trial on February 13, 2008 until March 13, 2008 after filing a motion for production of the audio tapes and transcripts associated with those tapes. On that day, the state’s motion to continue was denied, and a nolle prosequi was entered.
The charges were reinstituted in the instant case on June 6, 2008. On July 22 and 31, 2008, trial was continued at the request of the state. Appellant’s trial was continued on defense motion on September 11 and October 27, 2008 because defense counsel failed to appear. On October 29, 2008, the defense filed a motion to quash, which the court denied. Thereafter, appellant was subsequently found guilty as charged.
Importantly, the state’s continuance on December 5, 2007 was well before the one year was set to expire on February 7, 2008; trial was rescheduled for February 19, 2008 without any objection by the defense. Then on February 13, 2008, the defense filed a discovery motion and moved that the trial be continued until March 13, 2008. Thus, pursuant to article 580, the state at this point had at least until February 13, 2009 to commence trial. Thereafter, defense continuations 19were granted on September 11 and October 27, 2008 bringing the latest trial commencement date to October 27, 2009. In sum, appellant’s trial on October 29, 2008 was timely, and the district court properly denied the motion to quash. This assignment of error is without merit.

CONCLUSION

For the reasons stated above we affirm the appellant’s conviction and sentence.
AFFIRMED.
BELSOME, J., concurred with reasons.

. La. R.S. 14:43.1.
Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person ... has not yet attained fifteen years of age and is at lease three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender.
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality of any part of the body of the victim.

. Her name is not used in this opinion to protect her privacy.

. The defendant was convicted of forcible rape. Because penetration never occurred, this court reversed the conviction and entered a conviction to the lesser included offense of attempted forcible rape.

. The decision became final upon appellant's failure to apply for a rehearing in this court within fourteen days of the reversal. See State v. Brocato, 99-1620 (La.App. 4 Cir. 9/15/99), 744 So.2d 178.