SANDRA CABRINA JENKINS, Judge.
liThe defendant, Daniel Morales, was charged by bill of information with operating a vehicle while intoxicated in violation of La. R.S. 14:9s.[1] The trial court held a bench trial and found the defendant guilty as charged. The trial court sentenced the defendant to six months in prison, the maximum sentence for a first conviction of La. R.S. 14:98, and imposed a fíne of $300. The defendant filed a timely appeal assigning two errors to the trial court’s imposition of sentence.
The defendant’s appeal seeks review of the sentence imposed upon him for a misdemeanor conviction of operating a vehicle while intoxicated, first offense. Because this Court does not recognize a right of appeal for a misdemeanor conviction, we convert the appeal to an application for supervisory writ. State v. Walker, 05-0876, p. 1 (La.App. 4 Cir. 3/15/06), 929 So.2d 155, 156; see also La.C.Cr.P. art. 912.1(B). We review the trial court’s judgment, sentencing the ^defendant to six months in prison, pursuant to this Court’s supervisory jurisdiction and we deny the writ. See La.C.Cr.P. art. 912.1(C).[2]
Relevant Factual and Procedural Background
At the defendant’s bench trial, Louisiana State Trooper Robert Mire testified to the events leading to the defendant’s arrest on September 27, 2011. On that day, at ap *146 proximately 5:00 a.m., Trooper Robert Mire was travelling eastbound on Highway 46 in St. Bernard Parish when he came to travel behind the defendant’s vehicle. Trooper Mire observed the vehicle cross the fog line, travel off the road, and then abruptly pull back onto the road. Trooper Mire also observed that the defendant was following too closely to the vehicle in front of him. After continuing to observe the defendant’s vehicle for another quarter of a mile, Trooper Mire activated his emergency lights to initiate a traffic stop of the defendant.
During the traffic stop, Trooper Mire asked the defendant to exit the vehicle and he observed that the defendant was unsure of his balance, swaying back and forth, had a strong odor of alcohol on his breath; had slurred speech, and bloodshot |sglassy eyes. The defendant submitted to a field sobriety test, the results of which indicated to Trooper Mire that the defendant was operating his vehicle while under the influence of an intoxicating agent. Trooper Mire then informed the defendant that he was being arrested for driving while intoxicated and that he was also charged with improper lane usage and following a vehicle too closely.
Trooper Mire took the defendant into custody and transported him to the St. Bernard Parish lockup. Upon arriving at lockup, Trooper Mire read the defendant his Miranda rights and informed him about his rights relating to the chemical testing for alcohol using an Intoxilyzer 5000. The defendant indicated that he understood his rights and he refused to submit to the Intoxilyzer 5000 test.
The defendant testified at trial and stated that on the night before he was arrested he had consumed two or three shots of whiskey around 11:00 p.m. before going to sleep. The defendant testified that he woke up around 4:80 a.m. and he was driving from his girlfriend’s house to go crabbing when he was pulled over by Trooper Mire. He testified that when asked by Trooper Mire if he was under the influence of alcohol, he admitted that he had consumed 2-3 shots of alcohol the night before but stated that he was just tired that morning from waking up early.
On cross-examination, the defendant testified that he was currently on probation pursuant to a guilty plea to negligent homicide, on January 12, 2008. Defendant further admitted that his probation could be revoked if he was convicted in the instant case.
At the conclusion of the trial, the trial court found the defendant guilty as charged of operating a vehicle while intoxicated, first offense, and sentenced the | ¿defendant to the maximum penalty of six months in prison and imposed a $300 fine.
Assignments of Error
The defendant does not assign any trial error but assigns two errors to the trial court’s imposition of the maximum six month sentence for operating a vehicle while intoxicated, first offense. First, the defendant contends that the trial court erred by relying on hearsay evidence from an unrelated case in making its determination of the defendant’s sentence. Second, the defendant contends that the trial court imposed an excessive sentence.
In his first assignment of error, the defendant concedes that the trial court complied with the sentencing guidelines pursuant to La.C.Cr.P. art. 894.1, but he argues that the trial court erred by offering hearsay evidence into the record as the sole reason for imposing the maximum sentence in this case. Specifically, the defendant argues that the trial court stated that it would be using the findings and reports from a 2002 case file that were not introduced in this case and were not sub *147 stantiated or corroborated by anyone with knowledge of their contents.
At sentencing, the trial court stated that it had been provided with and reviewed information regarding the defendant’s previous conviction for negligent homicide in 2008, arising out of an automobile accident in 2002. The defense counsel objected to any reference to the negligent homicide case as hearsay. The trial court noted the defense objection but then discussed its review of that previous case file. The trial court noted that the official court record of that negligent homicide case included a blood alcohol lab test performed on the defendant after the 2002 automobile accident showing that the defendant had a blood alcohol of .03 percent. The trial court stated specifically that it had considered the 1 ¡¡information within that case file in making its determination of the defendant’s sentence.
The defendant argues that the documents referenced by the trial court were not authenticated. Additionally, the defendant argues that in the 2002 case he never pled to the allegations of alcohol use and his plea to the non-alcohol related offense of negligent homicide should not have been used to maximize his current sentence.
The defendant contends that the documents from the previous case constitute hearsay in contravention of La. C.E. art. 802.[3] However, La. C.E. art. 1101(C) provides in pertinent part that, “the provisions of this Code shall not apply to the following: ... (4) [sentencing hearings except as provided in Code of Criminal Procedure 905.2 in capital cases.” Furthermore, the Louisiana Supreme Court has held that in determining a proper sentence, “[t]he sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records.” State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218, 219; State v. Stanfield, 10-0854, p. 5 (La.App. 4 Cir. 1/19/11), 56 So.3d 428, 431. Based on the applicable laws, we find that the trial court did not err in considering the information from the defendant’s previous case and conviction for negligent homicide.
In his second assignment of error, the defendant argues that the trial court imposed an excessive sentence. The defendant contends that under the sentencing guidelines within La.C.Cr.P. art. 894.1 the trial court’s imposition of the | (¡maximum sentence for his first offense of driving while intoxicated is excessive and the trial court erred by not considering the provisions of La.C.Cr.P. art. 894.1(B) to determine whether probation was appropriate.
In reviewing an excessive sentence claim, the appellate court shall afford great discretion to the trial court’s determination of sentence. State v. Sarkozy, 99-0386, p. 9 (La.App. 4 Cir. 1/26/00), 755 So.2d 345, 350. The relevant question upon review of the sentence is “not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion.” State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462. A sentence, although within the statutory limits, may still violate a defendant’s constitutional right against excessive punishment if it “makes no measurable contribution to acceptable goals of punishment” or is “grossly out of proportion to the severity of the crime.” State v. Barnes, 01-0113, pp. 13-14 (La.App. 4 Cir. *148 11/7/01), 800 So.2d 1124, 1132 (citing State v. Lobato, 603 So.2d 739 (La.1992)).
The defendant argues that his criminal conduct neither caused nor threatened serious harm and although he was involved in a negligent homicide in 2002, he has no other criminal history and, since 2002, he has lived a law-abiding life. The trial court took into consideration that it was the defendant’s first conviction for driving while intoxicated. However, based on the information from the defendant’s previous conviction, the trial court found sufficient information to determine that the defendant had twice been impaired while driving and such conduct was “reprehensible.” And, contrary to the defendant’s contention that his conduct did not threaten serious harm, driving while intoxicated does pose a threat of serious harm.
|7As the defendant acknowledged in his appeal, the trial court fulfilled its obligation to state for the record the considerations taken into account and the factual basis for imposing the maximum sentence. We also cannot say that imposing the maximum sentence of six months in prison for operating a vehicle while intoxicated is unconstitutionally excessive and, thus, we find no abuse of discretion in the trial court’s imposition of sentence. The defendant’s excessive sentence claim is without merit.
Conclusion
For the reasons stated above, we convert the defendant’s appeal to an application for supervisory writ and we deny the writ.
APPEAL CONVERTED TO WRIT; WRIT DENIED.

. Defendant was also charged with improper lane usage and following vehicles too closely in two separate bills of information.

. The State's appellate brief submits that there is an error patent on the record regarding the defendant’s right to and waiver of a jury trial. In a previous order issued by this Court, we found that the issue is not properly before us under our supervisory jurisdiction.
On October 2, 2013, the State filed in this Court a Motion to Supplement the Record with the records and transcripts of case numbers 373-790 and 373-791 for the two traffic offenses and indicating a potential error patent. The State submits that the defendant was charged with three misdemeanors by separate bills of information with a potential aggregate penalty exposure of imprisonment for more than six months and, pursuant to 1974 La. Const. Art. 1, § 17 and La.C.Cr.P. art. 779, the defendant was entitled to a jury trial. The State further submits that the record lacks any indication that the defendant was informed of or made an intelligent, knowing waiver of the right to a jury trial. On October 10, 2013, this Court denied the State's motion stating that the defendant seeks review of a non-appealable judgment on a misdemeanor conviction, which would be reviewed under the Court’s supervisory jurisdiction and without review for errors patent.
The record reflects that, at the conclusion of trial, the State indicated to the Court that there were two traffic charges outstanding, at which point the trial court found defendant guilty on those two separate charges. We note that the defendant did not object to the trial court’s guilty findings on those two charges and, furthermore, the defendant appeals only the trial court’s imposition of sentence on the charge of operating a vehicle while intoxicated.

. La. C.E. art. 802 provides, "[hjearsay is not admissible except as otherwise provided by this Code or other legislation.”