BELSOME, Judge.
|,The defendant/appellant Bradford Skinner appeals his convictions and sentences for possession with the intent to distribute carisoprodol' (La. R.S. 40:969(A)(1)); possession with the intent to distribute hydrocodone (La. R.S. 40:967(C)(2)); and possession with the intent to distribute codeine (La. R.S. 40:967(C)(2)). For the reasons that follow we affirm the convictions and sentences.

Statement of Facts

On May 16, 2012, New Orleans Police Department (“NOPD”) Detective Kurt Eischen was working undercover on Bourbon Street. While undercover, Det. Eis-chen was approached by Kendrick Smith who indicated to the detective that he had marijuana to sell. Shortly after the detective and Mr. Smith discussed a possible transaction, Bradford Skinner, the defendant, walked up to the detective and told, the detective that he had pills to sell. The detective stated that he did not have any money for the purchase and that he had to go to the ATM. Once he was at the ATM, the detective discreetly removed a marked $20 bill from his wallet with which to purchase marijuana from Mr. Smith. Then the detective completed a hand to hand transaction with Mr. Smith. Mr. Skinner and Mr. Smith proceeded to |2walk away and the detective walked in the opposite direction. The detective signaled Sgt. Mark Mumme that the transaction' had been completed, and the two officers followed the suspects and eventually detained them. Det. Eischen then patted down Mr. Skinner and uncovered a large bag containing twenty-one white pills. The suspects were arrested, and the officers took them to the police station. Once at the station Det. Eischen used the internet to identify the pills as carisoprodol. The pills were then transferred to NOPD’s Central Evidence and Property room.

Procedural History

According to the bill of information, both the defendant Bradford Skinner and Kendrick Smith were charged with possession with intent to produce, manufacture, distribute, or dispense carisprodol, La. R.S. 40:969(A)(1).[1] Subsequently, the defendant'appeared for arraignment and pled not guilty. He filed mótions to suppress the evidence, statement, and identification. The trial court found probable cause to hold the defendant on a charge of La. R.S. 40:969(A)(1), and on that same day the trial court denied the defendant’s motion to suppress evidence.
Later, the State amended its bill of information to include possession with the intent to distribute hydrocodone (La. R.S. 40:967(0(2)) and possession with the intent to distribute codeine (La. R.S. 40:.967(C)(2)), to which the defendant pled not guilty. In response, the defendant filed motions to suppress which the trial court denied.
IsAfter several continuances a jury trial was held from August 19-20, 2014. The jury returned a verdict of guilty as to possession with the intent to distribute carisoprodol; possession with the intent to *679 distribute hydroeodone; and possession with the intent to distribute codeine.
The trial court denied the defendant’s motion for new trial and for post-verdict judgment of acquittal. It then'sentenced the defendant to ten yéars at hard labor for the possession with the intent to distribute carisoprodol, sixteen years at hard labor for the possession with the intent to distribute hydroeodone, and sixteen years at hard labor for the possession with the intent to distribute codeine. The sentences are to run concurrently, and the defendant was 'given credit for time served. The trial court granted the defendant’s motion for appeal.

Assignments of Error

On appeal, the defendant, pro se, and the defendant’s counsel filed briefs. In those briefs the following assignments of error were raised: 1) the trial court erred in finding the evidence sufficient to convict the defendant; 2) the trial court erred in admitting into evidence the bag of. pills and the crime lab report; 3) the trial court erred in denying defendant’s motion to suppress the evidence; 4) the trial court erred in proceeding to trial without a valid arraignment on the amended bill of information; and 5) the trial court erred in denying defendant’s motion to quash the amended, bill of information.[2] Sufficiency of the Evidence.
Through counsel and pro se, the defendant argues that the physical evidence analyzed and presented at trial did not match. the description . of .the substances |4seized. . The detective initially characterized the pills as twenty-one round white pills that he' later identified through the internet as carisoprodol. However the lab report .analyzed each of the pills and determined that there were three separate types of dangerous controlled substances present in the bag, carisoprodol, hydroco-done and codeine. Thus the evidence was not reliable and sufficient to support his conviction. ■
At trial Det. Eischen testified that he has worked for the NOPÍD since 2008, and lie was assigned to Bourbon Street in New Orleans as an undercover policeman on May 16, 2012. He explained how he, and whomever he is working with at the time, executed their undercover operation. Det. Eischen testified that on the night in question, Mr. Smith walked past him and offered him marijuana. 'Det.' Eischen called Mr. Smith over to tell him that he was interested but that he did not have any money. Thereafter, the defendant- approached and offered Det. Eischen “pills”. Mr. Smi-⅜ and the defendant were detained. Det. Eischen testified that he patted defendant down, felt, a bag of .pills in his jacket and confiscated the bag of pills. He identified the bag of pills as the State’s exhibit one. He also identified the defendant in the courtroom, He further testified that he identified the pills as cariso-prodol by looking them up online once he returned to the station.
On cross-examination, in an effort to discredit the State’s' exhibit, the defense countered Det. Eischen’s testimony with the gist that he wrote stating that once he returned to the station he counted twenty-one white pills and identified the pills on drugs.com. He was then asked to identify the pills in open court, where it was evident that some pills were broken, and not all of-the phis were the same.
During trial Sgt. Mark Mumme also testified. He stated that he was working with Det. Eischen on Bourbon Street. He said that he was a half of a block away *680 lBwhen he saw Mr. Smith and the defen-, dant approach Det. Eischen. He testified that he could not hear the conversation between the parties, but through his experience he knew that Det. Eischen was going to an ATM in the nearby bar to make a purchase. He stated that he did witness an exchange between Det. Eischen and,Mr. Smith, and that he was aware that Det. Eischen retrieved contraband from the defendant after patting him down.
On cross-examination, , Sgt. Mumme claimed that he did not remember whether the defendant was handcuffed or whether the defendant had marked money on him at the time of the arrest. He testified that he did not see the defendant in possession of pills, but remembered counting the pills, and the pills being all the same.
Brian Shultz testified at trial that he is a forensic chemist with the NOPD and had been for five years. He was qualified as an expert in chemical analysis and narcotics testing. His testimony was that he tested the evidence in the instant case. He stated that another analyst, Corey Hall, is the person who retrieved the evidence to be “worked on”, to whom he returned it afterwards. He stated that the pills in question were carisprodol, codeine, and hydrocodone, and they were all controlled dangerous substances. He further stated that on occasion police officers misidentify drugs that they have seized. . ,
On cross-examination, Mr. Shultz described the State’s exhibit as a “.. .' plastic bag, containing a small amount 'of an off-white, rock-like substance.” He also agreed that the pills in the bag differed from each other.
The defendant argues, in his first and second assignments of error, that the trial court erred in finding the evidence sufficient to convict him and in denying his motion to suppress the evidence. The defendant. contends that the testimony and | (¡the physical evidence conflicted because the substance that was allegedly seized from the defendant did not match the evidence offered at trial. It is the defendant’s argument, that Det. Eischen testified that there was only one common drug in thé bag of pills: twenty-one white round pills that he identified as carisprodol However, at trial the bag allegedly confiscated from the. defendant and placed into evidence was broken, had different markings, and the pills were different colors and shapes, which was collaborated by Sgt. Russell at trial. It is the defendant’s contention that at no time did Det. Eischen indicate that there were broken pills in the bag. The defendant concludes that the trial court erred in failing to find that the physical evidence conflicted with the testimony such that the evidence was insufficient to support the jury’s verdict.
Under La. R'.S. 40:967(A)(1) and La. R.S. 40:969(A)(1), “it shall be unlawful for any person knowingly or intentionally ... [t]o ... possess with intent to ... distribute ... a controlled dangerous substance ... classified in Schedule II” and “classified in Schedule IV,” respectively. The State was required to prove that the defendant “knowingly” and "intentionally” possessed the drug with the “intent to distribute.”[3]
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most'favorable to the prosecution, was sufficient to convince a ^rational trier of fact that all of the elements of the *681 crime have been proven beyond a reasonable doubt.[4].
In State v. Mussall,. the Louisiana .Supreme Court concluded that a review of the record in a criminal case does not require the reviewing court to determine whether the reviewing court believes the evidence at the trial established guilt beyond a reasonable doubt.[5] The Supreme Court, discussing the Jackson standard stated:
[A] reviewing court must consider the record through the eyes of a hypothetical rational trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can_ [T]he inquiry requires the reviewing court to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt.[6]
“Conflicting statements as to factual matters relate to the weight of the evidence, not its sufficiency.”[7] Such a determination rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness.[8] A trier of fact’s determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence.[9]
In this case, the jurors heard Det. Eis-chen’s and forensic chemist Brian Schulz’s testimony regarding the. bag of pills the State presented as exhibit one. [sDet. Eis-chen identified the bag of pills by their physical appearance as well as through the item number as those taken-from the defendant after a pat down search incidental to his arrest. ' He also counted the pills in open court and the bag contained twenty-one the number he recalled from the night of the arrest and the number indicated on his report. Mr. Schulz, during his testimony, also identified the bag of pills as being the ones that he tested which provided the results that identified that there were three types of pills in the bag. He further stated that it was. not unusual for an officer to incorrectly identify narcotics prior to the substance being tested in the lab. That evidence was sufficient to .establish that the defendant possessed a controlled dangerous substance. Additionally, the defendant’s offer to sell pills to the detective proved his intent to distribute.
Reviewing the record in accordance with the Jackson standard, this court finds that the evidence presented was sufficient to prove to a rational juror that the defendant was guilty beyond a reasonable doubt.

Admission of the Evidence

-The defendant further challenges the admissibility of the evidence arguing that the inconsistencies in the description .of the pills’ shape, color, and quantity in the police report; in the lab report, and through testimony was so inconsistent that the bag of pills and the Crime Lab Report identifying the pills in the bag were erroneously admitted as evidence.
In response,.the State, argues that the Louisiana Supreme Court case of State v. *682 Sweeney is the seminal case for setting forth the admissibility of demonstrative |nevidence at trial. This Court recently quoted the principles of Sweeney in State v. Danastasio.[10]:
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized 'to the time it was offered in evidence. The law does not require that' the evidence as to custody eliminate all possibilities that the object has been altered. For admission, 'it suffices if the custodial evidence establishes that it is moré probable than not that the object is the one connected with the case. A preponderance of the évidence is sufficient.[11] (citations omitted).
The jurisprudence is clear that “[a] defect in the chain of custody goes to the weight of the evidence rather than its admissibility.” [12] Additionally, a trial court is vested with great discretion in determining the admissibility of evidence. Therefore, if it is more probable that not the evidence for admission is the evidence connected to the case, this Court will not disturb the trial court’s ruling.[13] .
Considering, our previous discussion regarding the identification of the bag of pills and the lack of any proof that the evidence was tampered with or that there was interference in the Chain of custody, we do not find error on the part of the trial court in admitting the bag of pills or the Crime Lab Report into evidence. -

Motion to Suppress

The defendant, pro se, contends that .the trial court erred, in not granting his motion to suppress the evidence because the evidence was obtained through a | ^warrantless search. The evidence that the defendant sought to suppress was the bag of pills taken from the pocket of his pants incident to his arrest.
In State v. Surtain, the Louisiana Supreme Court discussed the grounds under which a warrantless search and séizure can be justifíéd stating:
A traditional exception to the warrant requirement is a search incident to a lawful arrest based upon probable cause. Probable cause to arrest exists when the facts and circumstances known to the arresting officer, and of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the accused has committed an offense.’
The reasonableness of the arrest based upon probable cause under the. Fourth Amendment extends to the search incidentally conducted.[14] (citations omitted).
In the instant case, the testimony established that the defendant "clearly expressed to the officer that he had pills to sell. Det. Eischen further stated that the defendant’s statement gave him probable cause to arrest the defendant. Once in handcuffs, Det.' Eischen searched the defendant and seized the drug evidence. Given that the search was incident to a lawful arrest, *683 the trial court did not err in denying the motion to suppress the evidence.

Arraignment on Amended Bill of Information

The defendant, pro se, further maintains that the trial court proceeded to trial without him being arraigned on the amended bill of information in violation of La.C.Cr,P art 554.[15]
On April 9, 2014, the State amended the bill of information to add counts for the possession with the intent to distribute hydroeodone and codeine, and moved In the court to arraign the defendant on those counts. The defendant maintains that he waived the formal reading of the bill of information and pled not guilty. According to the defendant the amendment was defective on its face because the minute entries do not refléct that the defendant was arraigned on the additional counts to which he objected to in writing.[16] The defendant maintains that he was prejudiced because the trial court allowed the trial to proceed without him having an opportunity to be arraigned when he did not fully understand the charges, and he was precluded an opportunity to consult with is attorney.
The record reveals that on April 9, 2014, the bill of information .was amended and the defendant, who appeared in court that day, waived the formal reading of the bill of information and entered a plea of not guilty. From .there, the defendant was informed of his rights. The colloquy between the court and the defendant was a sufficient exchange to show that the defendant fully understood the nature of the charges against him and that the plea was freely and voluntarily entered. For these reasons, we do not find any error on the part of the trial court.

Motion to Quash

As to the denial of his motion to quash the bill of information, the defendant again argues that the bill of information fails to indicate what statute or law the defendant' was accused of violating. It is the defendant’s argument that while the wording of the bill of information reads a violation of La. R.S. 40:967(A) as to the possession with the intent to distribute hydroeodone and codeine, the defendant maintains that his sentencing is not reflective of the crimes in the bill of information.
|12He argues that he was found guilty of La. 40:967(c)(2), possession with the intent to distribute hydroeodone . and La, R.S. .40:967(c)(2), possession with the intent to distribute codeine to which he was sentenced to sixteen years on both counts. He continues to argue that the sentence imposed violates the law because as to La. R.S. 40:967(c)(2), possession only carries a penalty of five years and a possible fine. According to the defendant, the bill of information was insufficient, and the defendant was not prepared for trial. The defendant’s sentencing.argument is without merit since .he was convicted of possession with the intent to distribute Schedule II drugs, and not simple possession.
The defendant asserts that the bill of information was deficient and the trial court should have granted his motion to quash. The defect complained' of by the defendant is the State’s omission of the precise statute that was the basis for the offense.
La.C.Cr.P. art. 464 provides:
*684 The indictment shall be a plain, concise, and definite 'written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Although the State’s amended bill of information did not contain the actual statute number, it did state that Mr. Skinner “[d]id willfully and unlawfully possess with the intent to distribute a controlled dangerous substance to wit: Hydrocodone”, and further stated that Mr. Skinner “[d]id willfully and unlawfully possess with the intent to distribute a controlled dangerous substance to wit: Codeine.” Pursuant to 11sLa.C.Cr.P. art. 464, the omission of the citation will not be ground for dismissal if the omission did not mislead Mr. Skinner to his prejudice.[17]
The test is whether the bill is misleading to the defendant.[18] Here, the defendant was originally charged with La. R.S. 40:969, possession with the intent to distribute carisprodol. The bill of information was amended to add the hydrocodone and codeine counts after the crime lab analyzed the pills. The amended charges was based on the same facts and circumstances as the original chai’ge, thus the defendant was apprised of the incident. Mr. Skinner has failed to show any error or omission which, if existed, misled him or prejudiced him. Consequently, this Court finds no error on the part of the trial court in denying the motion to quash.

Conclusion

For these reasons, Bradford Skinner’s convictions and sentences are affirmed.
AFFIRMED.

. Kendrick Smith and the defendant'were not tried together.

. The defendant filed additional briefing on assignment of error one. He independently raised assignments of error three, four, and five.

. State v. Frith, 11-0187, p. 6 (La.App. 4 Cir. 8/10/11), 102 So.3d 65, 69, writ denied, 11-1942 (La.4/13/12), 85 So.3d 1244 (citing State v. Williams, 594 So.2d 476, 478 (La.App. 4 Cir.1992)).

. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. 523 So.2d 1305, 1311 (La.1988).

. Id. at 1309-1310.

. State v. James, 09-1188, p. 4 (La.App. 4 Cir. 2/24/10), 32 So.3d 993, 996. (citation omitted).

. Id.

. State v. Vessell, 450 So.2d 938, 943 (La.1984). (citations omitted).

. 12-1157 (La.App. 4 Cir. 1/30/14), 133 So.3d 224.

. Id., 12-1157, p. 11, 133 So.3d at 231 (citing State v. Sweeney, 443 So.?d 522, 528 (La.1983)).

. Id. (citation omitted).

. See State v. Ferguson, 09-1422, p. 33 (La.App. 4 Cir. 12/15/10), 54 So.3d 152, 171.

. 09-1835, p. 7 (La.3/16/10), 31 So.3d 1037, 1043.

. La.C.Cr.P. art. 554 provides that "[a] defendant shall plead when arraigned. If he stands mute, refuses to plead, or pleads evasively, a plea of not guilty shall be entered of record.”

. The record is void of the defendant’s written objection.

. State v. Olivia, 13-496, p. 4 (La.App 4 Cir. 3/26/14), 137 So.3d 752, 755.

'. La.C.Cr.P, article 464.