STATE OF LOUISIANA        *        NO. 2022-KA-0346

VERSUS        *

       COURT OF APPEAL

TERRENCE KEITH WILSON        *

       FOURTH CIRCUIT

       *

       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-01648, DIVISION "B"
Honorable Jeanne Nunez Juneau, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)


Walter R. Woodruff, Jr.
Anna M. Singleton
CHEHARDY LAW FIRM
One Galleria Blvd.
Suite 1100
Metairie, LA 70001

      COUNSEL FOR APPELLANT

Perry Michael Nicosia, District Attorney
Megan Suffern, Assistant District Attorney
Justin Stephens, Assistant District Attorney
34TH JDC, ST. BERNARD PARISH
1101 W. St. Bernard Highway
Chalmette, LA 70043

      COUNSEL FOR APPELLEE

                   **APPEAL CONVERTED TO
                   WRIT; WRIT GRANTED;
                   CONVICTION AFFIRMED
                   DECEMBER 09, 2022**

Defendant/Relator Terrence Keith Wilson (hereinafter "Mr. Wilson") filed this appeal seeking review of a first offense misdemeanor conviction of domestic abuse battery, a violation of La. R.S. 14:35.3. After consideration of the record before this Court and applicable law, we affirm Mr. Wilson's conviction and sentence.

## Conversion of Appeal to Supervisory Writ

There is no right of appeal from a misdemeanor conviction. *State v. Walker*, 2005-0876, p. 1 (La.App. 4 Cir. 3/15/06), 929 So.2d 155, 156. However, this Court may exercise supervisory jurisdiction and convert an improperly filed criminal appeal to a writ. *State v. Waddell*, 2012-0111, p.1 (La.App. 4 Cir. 10/24/12), 102 So.3d 1025, 1027; *State v. Morales*, 2013-1148, p. 1 (La.App. 4 Cir. 1/22/14), 133 So.3d 144, 145. An appeal can be converted to an application for supervisory review when the appeal is filed within the thirty-day period allowed for an application of supervisory writ. *Plaquemines Par. Gov't v. Williams,* 2018-0675, p. 5 (La.App. 4 Cir. 12/19/18), 262 So.3d 1080, 1085.

1

The trial court held a bench trial on March 31, 2022, in which Mr. Wilson was found guilty of domestic abuse battery. On April 27, 2022 Mr. Wilson filed a notice of appeal; thus, his appeal was timely filed. Accordingly, we exercise our supervisory jurisdiction and convert Mr. Wilson's appeal to an application for supervisory writ. *See* La. C.Cr.P. arts. 912.1(B)(1) and 912.1(C)(1).

### Relevant Facts and Procedural History

On May 5, 2021, Mr. Wilson arrived at the home of his then wife, Sameka Leonard (hereinafter "Ms. Leonard"), to discuss their joint checking account.[1] Following a discussion, a physical altercation ensued. Mr. Wilson and Ms. Leonard both called 911.[2]

On May 12, 2021, a Gwen's Law hearing was held wherein the court set a bond of $2,500.00 and issued a protective order, ordering Mr. Wilson to surrender his gun.[3] Thereafter, on June 4, 2021, Mr. Wilson was charged by bill of information with domestic abuse battery, first offense, a violation of La. R.S. 14:35.3. A bench trial was held on March 31, 2022. At the trial, three witnesses testified as to the events that occurred on May 5, 2021.

Detective Jason Prevaue (hereinafter "Detective Prevaue") testified that he reported to Ms. Leonard's home following a 911 call. Detective Prevaue noted that Ms. Leonard had a visible cut on her lip and that she stated Mr. Wilson struck her

---

[1] Mr. Wilson and Ms. Leonard were married at the time of the incident but had been separated since 2014. According to Mr. Wilson, the parties were divorced on October 27, 2021.

[2] Both Ms. Leonard and Mr. Wilson's 911 calls were submitted into evidence at trial.

[3] La. C.Cr.P. art. 313 commonly referred to as "Gwen's Law," allows a trial court to conduct a contradictory bail hearing for a person in custody who is charged with domestic abuse battery, violation of a protective order, stalking, or any felony offense involving the use or threatened use of force or a deadly weapon upon a family member.

in the face.[4] He also testified that Mr. Wilson had no visible injuries and declined EMS support.

Ms. Leonard also testified. She stated that Mr. Wilson came to her home to discuss the joint checking account and that the verbal altercation turned physical and Mr. Wilson struck her in the face. Ms. Leonard admitted to calling Mr. Wilson names and putting him into a headlock but she maintains that her actions were in direct response to Mr. Wilson's actions.

Mr. Wilson testified in his case in chief. He stated that he went to Ms. Leonard's home to inform her that he was no longer going to make deposits into their joint checking account. According to Mr. Wilson, Ms. Leonard became upset, called him names, and asked him to leave her house. Mr. Wilson testified that when Ms. Leonard asked him to leave her home and he refused, she began pushing and hitting him. Mr. Wilson maintains that he did not intentionally strike Ms. Leonard, rather he contends that the two were fighting on the floor when his index finger entered her mouth resulting in the laceration to her lip.

After taking the matter under advisement, the trial court found Mr. Wilson guilty of domestic abuse battery, a violation of La. R.S. 14:35.3. He was sentenced to four months in parish prison, with all but seven days suspended, and was ordered to pay a fine of $300.00 and court costs. This appeal followed.

## Discussion

---

[4] Detective Prevaue asked Ms. Leonard to execute a written statement of her account of the altercation. The written statement, introduced by the State, indicates that Ms. Leonard was struck in the face by Mr. Wilson. The State also introduced a photograph of Ms. Leonard's bloody lip. Detective Prevaue was wearing a bodycam which shows the conversation he had with Ms. Leonard after arriving to her home. The bodycam footage, also submitted by the State at trial, shows Ms. Leonard telling an officer that Mr. Wilson hit her.

Mr. Wilson challenges his conviction. He argues that there was insufficient evidence to show that he intentionally used force or violence upon Ms. Leonard.[5] Specifically, Mr. Wilson submits: (1) there was insufficient evidence to show that he committed domestic abuse battery; (2) the State failed to establish beyond a reasonable doubt that he committed domestic abuse battery; and (3) the trial court erred in concluding he did not act in self-defense. Therefore, we will consider whether the State presented sufficient evidence for the trial court to find Mr. Wilson guilty of domestic abuse battery.

### *Sufficiency of Evidence*

When reviewing claims of insufficiency of evidence, an appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all of the elements of the crime have been proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Ross*, 2012-0109, p.7 (La.App. 4 Cir. 4/17/13), 115 So.3d 616, 620. This Court must review "the record as a whole since that is what a rational trier of fact would do." *State v. Lightfoot*, 2018-0336, p.4, (La.App. 4 Cir. 12/12/8), 318 So.3d 1033, 1038 (quoting *State v. Huckabay*, 2000-1082, p.32 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093, 1111.) (citations omitted).

"[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *Huckabay*, 2000-1082, p.32, 809 So.2d at 1111 (quoting *State v. Smith*, 600 So.2d 1319, 1324 (La. 1992)). "The existence of conflicting statements as to factual

---

[5] This appeal is now considered an application for supervisory review, thus a review of the record for errors patent is not required. However, out an abundance of caution, a review of the record for errors patent reveals none.

matters affects the weight of the evidence, not its sufficiency, and such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness." *State v. McGinnis*, 2019-0381, p.11 (La.App. 4 Cir. 3/11/20), __So.3d__, p.11, 2020 WL 1173567 *5. The testimony of a witness is sufficient to support a conviction if believed by the trier of fact. *See State v. Wells*, 2010-1338 (La.App. 4 Cir. 3/30/11), 64 So.3d 303 (citation omitted). This Court will not disturb the ruling of the factfinder, concerning the credibility of a witness, unless it is clearly contrary to the evidence. *State v. James*, 2009-1188, p.4 (La.App. 4 Cir. 2/24/10), 32 So.3d 993, 996.

The crux of Mr. Wilson's argument, in his first two assignments of error, centers on Ms. Leonard's alleged conflicting testimony from the Gwen's Law Hearing and at trial. Specifically, he submits that Ms. Leonard's conflicting testimony and the State's evidence was insufficient to prove that he committed domestic abuse battery.

La. R.S. 14:35.3(A) defines domestic abuse battery as "intentional use of force or violence committed by one household member or family member upon the person of another household member or family member." Criminal intent may be specific or general. La. R.S. 14:10. La. R.S. 14:35.3 does not specify if it is a general or specific intent crime. In the absence of a qualifying provision, the terms "intent" and "intentional" reference towards general intent. La. R.S. 14:11. Thus, a reading of La. R.S.14:35.3 in *pari materia* with La. R.S. 14:10-11, suggests it is a general intent crime.

The testimony and evidence presented by the State included: Ms. Leonard's written statement dated May 5, 2021; an image of the laceration on Ms. Leonard's

lip; Ms. Leonard and Mr. Wilson's 911 call; bodycam footage; Detective Prevaue's testimony; and Mr. Wilson's testimony.

Ms. Leonard testified in the State's case in chief. She likewise testified at Gwen's Law Hearing on May 12, 2021. Mr. Wilson points out that Ms. Leonard's testimony at the Gwen's Law Hearing conflicted with her trial testimony. At the Gwen's Law Hearing, Ms. Leonard could not recollect whether Mr. Wilson struck her in the face with a closed or open hand. At trial, Ms. Leonard testified that Mr. Wilson struck her in the face with a closed fist when asked to leave her home. Although conflicted on whether Mr. Wilson used a closed or open hand, a review of Ms. Leonard's testimony from the Gwen's Law Hearing and the bench trial demonstrates that she consistently maintained that Mr. Wilson initiated physical contact and struck her in the face. The testimony of Detective Prevaue was that Mr. Wilson did not sustain any injuries. Conversely, he stated that Ms. Leonard had a lip laceration, swollen nose, and was visibly distressed.

After hearing the testimony and considering the evidence, the trial court determined that Mr. Wilson was the aggressor. The trial court also found Ms. Leonard's recollection of the altercation credible and noted that the evidence submitted by the State was sufficient to conclude that Mr. Wilson committed domestic abuse battery. As credibility determinations are within the discretion of the trial court, it will not be disturbed upon review. *State v. Marshall*, 2004-3139, p. 9 (La. 11/29/06), 943 So.2d 362, 369 ("Credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence.").

***Self-Defense***

Mr. Wilson further submits that the trial court erred in finding that his actions were not in self-defense and that the State failed to meet its initial burden that he committed domestic abuse battery. Mr. Wilson contends that Ms. Leonard was the aggressor and that he only made contact with Ms. Leonard as a result of her actions.

Our Supreme Court has noted that "[i]n a non-homicide situation, the defense of self-defense requires a dual inquiry; an objective inquiry into whether the force used was reasonable under the circumstances; a subjective inquiry into whether the force was apparently necessary." *State v. Freeman,* 427 So.2d 1161, 1163 (La. 1983) (citation omitted). "[T]his [C]ourt has consistently declined to settle definitively on the issue of which party bears the burden of persuasion in proving self-defense in non-homicide cases." *State v. Abbott*, 2017-0016, p.18 (La.App. 4 Cir. 6/14/17), 222 So.3d 847, 857 (quoting *State v. De Gruy*, 106-0891, pp.18-19 (La.App. 4 Cir. 4/5/17), 215 So.3d 723, 733) (citation omitted). However, Louisiana Court of Appeal, Third Circuit, has provided some guidance on the issue in *McCauley v. McCauley*, stating that the defendant has the burden of proving self-defense, in non-homicide cases, by a preponderance of the evidence. *McCauley v. McCauley*, 2020-27, p.24, (La.App. 3 Cir. 10/21/20), 305 So.3d 981, 995.

La. R.S. 14:19 sets forth the instances in which the use of force or violence upon another is justifiable and in pertinent part states:

> [T]he use of force or violence upon the person of another is justifiable… when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense.

7

La. R.S. 14:19(A)(1)(a). Further, "a person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict." La. R.S. 14:21.

Mr. Wilson's self-defense claim lacks merit. The State produced sufficient evidence to establish that Ms. Leonard was the only party to suffer physical injuries. There is no evidence to indicate that Mr. Wilson striking Ms. Leonard in the face was justified and for the purposes of preventing a forcible offense. Thus, we do not find that the trial court erred in rejecting Mr. Wilson's claim for self-defense.

## Conclusion

Viewing the evidence and testimony presented by the State, in a light most favorable to the prosecution, we find the trial court was presented with sufficient evidence that Mr. Wilson intentionally used force and/or violence upon Ms. Leonard. The trial court found Ms. Leonard's testimony credible and determined that Mr. Wilson struck her in the face. *See McGinnis*, 2019-0381, p.11, 2020 WL 1173567 *5. Furthermore, Mr. Wilson's claim of self-defense is not justifiable as it does not negate the trial court's finding that he committed domestic abuse battery. This Court will not disturb the ruling of the trial court if it is not contrary to the evidence within the record. *See James*, 2009-1188, p.4, 32 So.3d at 996. Accordingly, we find the trial court did not err in determining that Mr. Wilson committed domestic abuse battery in violation of La. R.S. 14:35.3.

## Decree

For the following reasons, we grant Mr. Wilson's application for review and affirm his conviction and sentence.

**APPEAL CONVERTED TO WRIT; WRIT GRANTED; CONVICTION AFFIRMED**